Tucker, P.
dissented. After stating the case, he said—It is contended by the counsel for the plaintiff in error, that Edward Wright’s conveyance to Cohoon gave him only an estate for Edward’s life, and that on the death of Edward, the title devolved to his brother Henry ; and in this I think he is sustained by the best established legal principles.
The only difficulty that can exist in the case, arises from the word “of” in the connexion which it has in the clause—“if my son Edward dies without lawful issue of a son.” But this word I take to have been in *375 terpolated, either hy a slip of the pen or by reason of the testator’s want of skill in expressing himself. If we retain the word, the literal interpretation is, if he die without a grandchild, or rather, without a child of a son. But, besides the improbability of the testator’s looking to the grandchildren of his son, that is, his own great grandchildren, it is not easy to imagine why he should have used this clumsy phraseology, instead of at once saying if he die toithout grandchildren. Moreover, if, as the words thus construed imply, he was looking to his own great grandchildren, it is not easy to discover a motive why the great grandchild, which might be of either sex conformably with the will, should be the child of a son rather than a daughter. It is contended, indeed, that the words are equivalent to—if he die without male issue; but this cannot be ; for it is not by the will prescribed that the lawful issue of a son should be male issue. The words would be as well satisfied by female as by male children of the grandson of the testator. Again, even if we retain these words, Edward’s estate could not be an estate tail. For he cannot take, per form,am doni, an estate either in tail male or tail general : not tail male, because the lawful issue of his son are not required to be male; nor tail general, because only a son of his could take; a daughter could not. If, then, we rigorously retain this particle “ of,” the clause would still give no estate tail to Edward. The most it could do, would be to give an estate tail general to his son, if he had one, and if he had none, then to give the estate over to Henry.
I think, however, we are warranted in striking out this word “ of;” Doe v. Micklen, 6 East 486. Smart v. Clarke, 3 Russ. 365. 3 Cond. Eng. Ch. Rep. 437. And then the limitation is to Edward and his heirs, and if he die without a son, then over to Henry. Taking it thus, there is a clear executory devise limited upon a fee simple. The first words, standing alone, would give a fee, but they are clogged and limited by the subsequent *376 words, if he die without a son then over to Henry in fee. It is a clear limitation of a fee upon a fee, by way of executory devise, in the event of the first taker dying without a' son. As where a testator devised to his mother for life, remainder to his brother in fee, but if his brother’s wife then encdnt had a son, then to him in fee: a son was born: and this held a good executory devise to the son; Dyer 127. a. in margin. So, where lands were devised to T. and his heirs forever, but if he died without issue, living W. then to W. and his heirs; here, the words without issue, living W. were considered as constituting a good contingency, and the limitation over was held good. Pells v. Brown, Cro. Jac. 590. So, where lands were devised to E. H. forever, that is, if he have a son or sons who shall attain 21, but if he die without son or sons to inherit, then the testator’s son W. H. to inherit: held, that E. H. took an estate in fee, subject' to an executory devise over in the event of his dying without a son who should attain 21. Heath v. Heath, 1 Bro. C. C. 147. So, devise to & 8. and her heirs, but if she should die leaving no child or children or lawful issue of her body living at the time of her death, then to T. B. and his heirs: held, that 8. 8. had a fee subject to an executory devise over to T. B. upon the contingency of her dying without child &c. Doe v. Wetton, 2 Bos. & Pull. 324. Right v. Day, 16 East 67. So, a devise to A. and his heirs forever, but if he died leaving no son, then to such son of his executor as he the executor should nominate, and if no such son, then to B. was held a good executory devise to B. Fairfax v. Heron, Prec. in Chan. 67. Butl. Feaxne 431. 6 Cruise’s Dig. 466. 4 Bac. Abr. Legacies and Devises. I. p. 296. From these cases, it seems clear, that if the words of this will are equivalent to—if he die without a son, the devise over to Henry was a good executory devise.
The cases cited for the defendant in error, seem to me entirely inapplicable. Thus, in Robinson v. Miller, *377 the devise was to the wife for life, and after to the testator’s son, without words of inheritance, and if his son died without issue, having no son, then over: adjudged an estate tail; and properly, for there being no words of inheritance in the devise to the son, his children could never get the estate, unless it was construed to be an estate tail, though it was clear the testator postponed the devise over with a direct reference to benefiting his son’s issue. So of Wild's case: it was held, that a devise to A. and his children, he having then no children, created an estate tail, because if A. had but a life estate, the children could never take any thing, whereas it was clearly the intention of the testator that they should be benefited by the devise. See 6 Cruise’s Dig. 299. The principle stated in 2 Vern. 545. is but a reiteration of that in Wild's case, and Merrymans v. Merryman, 5 Munf. 440. is of the same character. The celebrated case of Robinson v. Robinson, 1 Burr. 38. was a devise for life and no longer to L. II. ; then to such son as be should have lawfully to be begotten (without words of inheritance), and for default of such issue, then over. L. H. took an estate tail, since the testator’s manifest intent was to benefit the whole line of his issue, for the estate was not to go over until they failed, and if L. H. took but a life estate, his descendants could not receive the benefit intended for them. In these cases it is observable, that the first taker having no inheritance unless an estate tail was created, the son, children, or other descendants, could never come into any enjoyment of the estate. The estate tail, therefore, was implied to effectuate the intent of the testator in favour of the son, children or issue. But, in the case at bar, Edward, Wright took a fee by the first words, and his son of course would take the estate unless he aliened it. In this it is distinguished from the cases cited.
Judgment affirmed.